# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2002 OCT 21  P 2: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DONNELL JOHNSON,<br>　　　Plaintiff | )<br>) |
| v. | )<br>)<br>) |
| WILLIAM MAHONEY, DANIEL<br>KEELER, JAMES DOYLE, and<br>THE CITY OF BOSTON,<br>　　　Defendants | )<br>)<br>)<br>)<br>) |

02-CV-10730-MEL

### DEFENDANT DANIEL KEELER'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND REQUEST FOR TRIAL BY JURY

1.  This paragraph is introductory in nature and does not require an answer from Daniel Keeler (hereinafter "Defendant"). To the extent that an answer is required, Keeler denies the allegations contained therein.

### JURISDICTION

2.  This paragraph sets forth a legal conclusion for which no answer is required. To the extent that an answer is required, Keeler denies the allegations contained therein.

### PARTIES

3.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 and calls upon the Plaintiff to prove the same.

4.  Defendant neither admits nor denies the allegations contained in Paragraph 4 as same are not directed to him.

5.  Defendant neither admits nor denies the allegations contained in Paragraph 5 as same are not directed to him.

6.  Defendant admits the allegations contained in Paragraph 6.

7.  Defendant neither admits nor denies the allegations contained in Paragraph 7 as same are not directed to him.

8.  Defendant admits the allegations contained in Paragraph 8.



## FACTS

9.   Defendant admits the allegations contained in Paragraph 9.

10.  Defendant denies that Bromley-Heath is a local neighborhood in Roxbury, but admits the remaining allegations contained in Paragraph 10.

11.  Defendant admits the allegations contained in the first sentence of Paragraph 11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 11 and calls upon Plaintiff to prove the same.

12.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and calls on Plaintiff to prove the same.

13.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 and calls on Plaintiff to prove the same.

14.  Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14.

15.  Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15.

16.  Defendant denies the allegations contained in Paragraph 16.

17.  Defendant denies that he and Doyle interrogated Plaintiff for forty-five (45) minutes, but admits the remaining allegations contained in Paragraph 17.

18.  Defendant admits the allegations contained in Paragraph 18.

19.  Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 19.

20.  Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 20.

21.  Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 21.

22.  Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 22.

23.  Defendant admits that Plaintiff was found guilty, but denies the remaining allegations contained in Paragraph 23.

24.     Defendant denies the allegations contained in Paragraph 24.

25.     Defendant denies the allegations contained in Paragraph 25.

26.     Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 26.

27.     Defendant denies the allegations contained in Paragraph 27. Further answering, the issues presented in this paragraph were decided by the Supreme Judicial Court of the Commonwealth of Massachusetts in <u>Commonwealth v. Kent K., a juvenile</u>, 427 Mass. 754 (1998), 696 N.E.2d 511 (1998).

28.     Defendant denies the allegations contained in Paragraph 28.

29.     Defendant denies the allegations contained in Paragraph 29.

30.     Defendant denies the allegations contained in Paragraph 30.

## COUNT I: VIOLATION OF 42 U.S.C. §1983 BY DEFENDANTS MAHONEY, KEELER, AND DOYLE

31.     Defendant hereby repeats, re-alleges and incorporates herein his answers to Paragraphs 1-30.

32.     Defendant denies the allegations contained in Paragraph 32.

## COUNT II: VIOLATION OF 42 U.S.C. 1983-CONSIPRACY BY DEFENDANTS MAHONEY, KEELER, AND DOYLE

33.     Defendant hereby repeats, re-alleges and incorporates herein his answers to Paragraphs 1-32 of Plaintiff's complaint.

34.     Defendant denies the allegations contained in Paragraph 34.

35.     Defendant denies the allegations contained in Paragraph 35.

36.     Defendant denies the allegations contained in Paragraph 36.

## COUNT III: VIOLATION OF 42 U.S.C. 1983 BY DEFEENDANT CITY OF BOSTON

37.     Defendant hereby repeats, re-alleges and incorporates herein his answers to Paragraphs 1-36.

38.   Defendant neither admits nor denies the allegations contained in Paragraph 38 as same are not directed to him.

39.   Defendant neither admits nor denies the allegations contained in Paragraph 39 as same are not directed to him.

40.   Defendant neither admits nor denies the allegations contained in Paragraph 40 as same are not directed to him.

### COUNT IV: VIOLATION OF M.G.L. c. 12§11I

41.   Defendant hereby repeats, re-alleges and incorporates herein his answers to Paragraphs 1-40 of Plaintiff's complaint, including sub-parts.

42.   Defendant denies the allegations contained in Paragraph 42.

**WHEREFORE**, Defendant denies that the Plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the applicable statue of limitations.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the Commonwealth of Massachusetts or any political subdivision thereof.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the complaint, the defendant acted reasonably in the proper and lawful exercise of his discretion.

## SIXTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Any injury alleged to have been sustained resulted from the plaintiff's own culpable or negligent conduct or the conduct of others and was not the proximate result of any act of the defendant

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the plaintiff alleges claims under the Massachusetts General Laws, the claims are frivolous pursuant to M.G.L. c. 231 §6F.

## **DEMAND FOR A JURY TRIAL**

Defendant, Daniel Keeler, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
Daniel Keeler,
By his attorneys,

John P. Roache BBO#421680
Lucy H. Halatyn BBO#644621
Hogan, Roache & Malone
66 Long Wharf
Boston, Massachusetts 02110
(617) 367-0330

Dated:     October 18, 2002

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 10/18/02
L. Halatyn