UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONNELL JOHNSON,                 )
           Plaintiff,        )
                          )
       v.                        )
                          )    NO. 02-CV-10730-MEL
WILLIAM MAHONEY, DANIEL          )
KEELER, JAMES DOYLE and          )
THE CITY OF BOSTON,              )
           Defendants.       )

## DEFENDANT JAMES DOYLE'S ANSWER
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1.     Paragraph One of plaintiff's Second Amended Complaint contains statements of law and is substantively an introduction. Therefore, no response is required. If a response is deemed necessary, the allegations are denied.

2.     Paragraph Two of Plaintiff's Second Amended Complaint states a legal conclusion. Therefore, no response is required. If a response is deemed necessary, the allegations are denied.

3.     The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Three of plaintiff's Second Amended Complaint.

4.     The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Four of plaintiff's Second Amended Complaint.

5.     The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Five of plaintiff's Second Amended Complaint.

6.    The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Six of plaintiff's Second Amended Complaint.

7.    The defendant James Doyle admits the allegations contained in Paragraph Seven of plaintiff's Second Amended Complaint.

8.    The defendant James Doyle admits the allegations contained in Paragraph Eight of plaintiff's Second Amended Complaint.

9.    The defendant James Doyle admits the allegations contained in Paragraph Nine of plaintiff's Second Amended Complaint.

10.    The defendant James Doyle admits the allegations contained in Paragraph Ten of plaintiff's Second Amended Complaint.

11.    The defendant James Doyle admits that portion of Paragraph Eleven of plaintiff's Second Amended Complaint which alleges that Jermaine Goffigan was murdered and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

12.    The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Twelve of plaintiff's Second Amended Complaint.

13.    The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Thirteen of plaintiff's Second Amended Complaint.

14.    The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Fourteen of plaintiff's Second Amended Complaint.

15.    The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Fifteen of plaintiff's Second Amended Complaint.

16.    The defendant James Doyle denies the allegations contained in Paragraph Sixteen of Plaintiff's Second Amended Complaint.

17.    The defendant James Doyle denies that portion of Paragraph Seventeen of plaintiff's Second Amended complaint which states that defendants Keeler and Doyle interrogated plaintiff for 45 minutes and admits the remaining allegations contained therein.

18.    The defendant James Doyle admits the allegations contained in Paragraph Eighteen of plaintiff's Second Amended Complaint.

19.    The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Nineteen of plaintiff's Second Amended Complaint.

20.    The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Twenty of plaintiff's Second Amended Complaint.

21.    The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Twenty-one of plaintiff's Second

Amended Complaint.

22.. The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Twenty-two of plaintiff's Second Amended Complaint.

23. The defendant James Doyle admits that portion of Paragraph Twenty-three of plaintiff's Second Amended Complaint which states that the plaintiff was found guilty and denies the remaining allegations contained therein.

24. The defendant James Doyle denies the allegations contained in Paragraph Twenty-four of Plaintiff's Second Amended Complaint.

25. The defendant James Doyle denies the allegations contained in Paragraph Twenty-five of Plaintiff's Second Amended Complaint.

26. The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Twenty-six of plaintiff's Second Amended Complaint.

27. The defendant James Doyle denies the allegations contained in Paragraph Twenty-seven of Plaintiff's Second Amended Complaint.

28. The defendant James Doyle denies the allegations contained in Paragraph Twenty-eight of Plaintiff's Second Amended Complaint.

29. The defendant James Doyle denies the allegations contained in Paragraph Twenty-nine of Plaintiff's Second Amended Complaint.

30. The defendant James Doyle denies the allegations contained in Paragraph Thirty of Plaintiff's Second Amended Complaint.

4

31.    The defendant James Doyle hereby restates and incorporates his prior answers to Paragraphs One through Thirty herein.

32.    The defendant James Doyle denies the allegations contained in Paragraph Thirty-two of Plaintiff's Second Amended Complaint.

33.    The defendant James Doyle hereby restates and incorporates his prior answers to Paragraphs One through Thirty-two herein.

34.    The defendant James Doyle denies the allegations contained in Paragraph Thirty-four of Plaintiff's Second Amended Complaint.

35.    The defendant James Doyle denies the allegations contained in Paragraph Thirty-five of Plaintiff's Second Amended Complaint.

36.    The defendant James Doyle denies the allegations contained in Paragraph Thirty-six of Plaintiff's Second Amended Complaint.

37.    The defendant James Doyle hereby restates and incorporates his prior answers to Paragraphs One through Thirty-six herein.

38.    The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Thirty-eight of plaintiff's Second Amended Complaint.

39.    The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Thirty-nine of plaintiff's Second Amended Complaint.

40.    The defendant James Doyle is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph Forty of plaintiff's Second

5



Amended Complaint.

41.    The defendant James Doyle hereby restates and incorporates his prior answers to Paragraphs One through Forty herein.

42.    The defendant James Doyle denies the allegations contained in Paragraph Forty-one of Plaintiff's Second Amended Complaint.

## DEFENDANT JAMES DOYLE'S AFFIRMATIVE DEFENSE

### First Affirmative Defense

This action is barred in whole or in part by the applicable statute of limitations

### Second Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the Commonwealth of Massachusetts or any political subdivision thereof.

### Fourth Affirmative Defense

Defendant has not violated an clearly established constitutional or statutory right of which is reasonable person would have known and, therefore, is protected by qualified immunity.

### Fifth Affirmative Defense

At all times relevant to the acts alleged in the complaint, the defendant acted reasonably in the proper and lawful exercise of his discretion.

### Sixth Affirmative Defense

This action is barred in whole or in part by the doctrine res judicata and/or collateral estoppel.

### Seventh Affirmative Defense

Any injury alleged to have been sustained resulted from the plaintiff's own culpable or negligent conduct or the conduct of others and was not the proximate result of any act of the defendant.

### Eighth Affirmative Defense

To the extent the plaintiff alleges claims under the Massachusetts General Laws, the claims are frivolous pursuant to M.G.L. c. 231 §6F.

### JURY DEMAND

The defendant James Doyle demands trial by jury upon all issues so triable.

By his attorneys,
DiMENTO & SULLIVAN

December 23, 2002

Philip A. Tracy, Jr.
BBO No. 501140
7 Faneuil Hall Marketplace, 3rd Floor
Boston, MA 02109-1649
(617) 523-2345

### CERTIFICATE OF SERVICE

I, Philip A. Tracy, Jr., hereby certify that I have this day forwarded a copy of the

Defendant James Doyle's Answer to Plaintiff's Second Amended Complaint to:

Stephen Hrones, Esquire, Hrones and Garrity, Lewis Wharf - Bay 232, Boston, MA 02110-3927;

Susan M. Weise, Esquire, City of Boston Law Department, 615 City Hall, Boston, MA 02110;

John Roache, Esquire, Hogan, Roache & Malone, 66 Long Wharf, Boston, MA 02110;

Douglas I. Louison,, Esquire, Merrick, Louison & Costello, 67 Batterymarch Street

Boston, MA 02110.

Philip A. Tracy, Jr.

7